Harold R. CUMBERWORTH,
Respondent,

v.

H. Boulter KELSEY, Appellant.

No. 61941.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Albert A. Michenfelder, Jr., St. Louis, for appellant.

Julius H. Berg, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from an order of the trial court affirming an interlocutory partial summary judgment in favor of plaintiff, denying defendant's affirmative defenses and enjoining him from using a driveway on plaintiff's property. The prior partial summary judgment ruled that a paved area running from the street to the respective garages of plaintiff and defendant was not a "common driveway" as defined by the Declaration of Covenants and Restrictions for Kingsbury Square, (the "Declaration"). We reverse.

The Kingsbury Square Subdivision is located in the Debaliviere neighborhood in the City of St. Louis. Plaintiff purchased a home on Lot O in Kingsbury Square on June 6, 1986. Defendant's home is located on Lot P which is adjacent to and immediately west of Lot O. Defendant purchased his home in December of 1986. The two lots are served by one paved area which runs north from the street before branching out to the west ending at defendant's garage and to the east ending at plaintiff's garage. There is no alley and the paved area provides the only method of ingress and egress for both parties, as illustrated by the following diagram.

Plaintiff concedes that when he purchased his home he was aware of the general scheme throughout Kingsbury Square of a single driveway serving two adjacent lots. However, the lot subsequently purchased by defendant was not improved at that time and plaintiff's driveway led only to his own garage. Subsequently, defendant's house and garage were built and a paved area was constructed from defendant's garage to plaintiff's driveway.

On June 7, 1991, the parties submitted their respective motions for partial summary judgment on the issue of whether the driveway was a "common driveway" as that term is defined in the Declaration. The trial court ruled in favor of plaintiff stating the driveway was located wholly on his property and therefore was not a "common driveway" as defined in the Declaration in that it was not located "in whole or in part on two lots for the common use of both such lots." A hearing was conducted on defendant's affirmative defenses on August 1, 1991 and on March 17, 1992 the trial court entered its order denying the affirmative defenses and affirming the June 7, 1991 interlocutory summary judgment. It is from this order that defendant appeals.

Defendant's first point on appeal is that the trial court erred in finding that the driveway was not a "common driveway" within the meaning of the Declaration. He argues that the lots were developed by a common grantor pursuant to a general plan or scheme; that the driveway is located in whole or in part on two lots for the common use of both lots; that pursuant to Article VI, § 6 of the Declaration, defendant has an easement on that portion of the driveway on plaintiff's lot; and that the development plan for Kingsbury Square depicted defendant's lot and plaintiff's lot as being served by a common driveway.

The Declaration, in Article VI, § 1, defines "common driveway" as:

Each driveway which is:

1. Built either as a part of the original construction or later improvement to a dwelling in Kingsbury Square, or built as a replacement thereof; and

2. Located, in whole or in part, on two lots for the common use of both such lots;

shall constitute a "common driveway" and shall be governed by the provisions of this article.

Furthermore, Article VI, § 6 of the Declaration, entitled *Encroachments* states:

Each owner's right to use the portion of a common driveway constructed on a lot other than his own shall be only for purposes of ingress and egress to and from the garage to which said common driveway leads and such owner shall have no right to park any vehicle or trailer or make any other use of such portion of the common driveway which is on a lot other than his own.

Plaintiff maintains that the driveway in question cannot be deemed a "common driveway" because it is not located, in whole or in part, in two lots. This certainly was true prior to the construction of the paved area from defendant's garage to the existing driveway. This area is described in plaintiff's motion for summary judgment as an "addition to plaintiff's driveway." Thus, plaintiff concedes that this paved area was not intended to be and in fact is not separate from and independent of the preexisting driveway. "Addition" is defined in Webster's Third New International Dictionary 24 (1981) as "the act or process of adding: the joining or uniting of one thing to another." Once the two paved areas, one on plaintiff's land, the other on defendant's, are joined and united, the result is a driveway "built either as a part of the original construction or later improvement ... located, in whole or in part, in two lots for the common use of both ..." This conforms to the language of the Declaration as well as to the general plan of the entire subdivision.

Plaintiff admits his awareness of the general scheme throughout Kingsbury Square of utilizing a single driveway to serve two adjoining lots. He testified that on occasion he has used that portion of the driveway on defendant's land and that, until his attorney's letter to defendant, he never voiced objection to the common use of the driveway. He stood idly and silently by as defendant's garage was constructed without ingress or egress except by use of the paved area joined to the preexisting driveway. Simple fairness dictates that this plaintiff, seeking equity from the court, should not be heard to contend that the paved area constructed by defendant stands apart and independent of the existing driveway to which it is joined and united merely because it was constructed at a later date. Such a contention constitutes a departure from the clear intention of the declaration and the general scheme prevailing throughout Kingsbury Square.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of defendant.

CRANE and CRAHAN, JJ., concur.